# United States District Court
## Eastern District of Michigan

Theodore J. Visner
　Plaintiff,

V.

Barry Gaiza, Randy Schmol, Bay County, Michigan State Police, Bernard Coppellino, Nancy Borushko, Jane Doe Prosecutor, 55-65 other Police Jane and John Does
　Defendant

Case: 2:19-cv-11289
Judge: Michelson, Laurie J.
MJ: Morris, Patricia T.
Filed: 05-03-2019 At 02:52 PM
PRIS VISNER V. GARZA ET AL

Jury Trial Demand ☑ Yes

Forwards Objection to Disposal Magistrate

**Complaint for Damages for Violations of Civil Rights Under USC § 1983, 1985 and 1988. (Prisoner Complaint)**

## Introductory Statement

(1) This is an action for money damages sustained by a citizen of the United States against police officers of the State of Michigan and the County of Bay who unlawfully detained and imprisoned, assaulted and harassed and robbed plaintiff at gunpoint and against the police administrators and supervisory officers and/or civilians responsible for the conduct of the defendants and for their failure to take corrective action and to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the County of Bay as the employer of the defendants, which is sued as a person under 42 U.S.C. § 1983, 1985 and 1988.

## Jurisdiction

(2) This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988 and the First, Fourth, Fifth, 6th, Eighth and Fourteenth Amendments to the Constitution of the United States.

(3) The jurisdiction of this court is predicated on 28 USC §§ 1343(3) and (4) and 1331.

(4) Plaintiff Theodore Visner is a resident of Michigan, and at all times relevant to the allegations of this complaint was a resident of Bay County and a citizen of the United States.

(4a) At all times relevant hereto, defendants Coppellino, Borushko and Jane Doe Prosecutor are prosecutor employees of defendant County and they

Page 1 of 9

WERE ACTING AS THE AGENTS, SERVANTS, OR EMPLOYEES, APPOINTED OR ELECTED TO SERVE THE PEOPLE OF BAY COUNTY. EACH ARE SUED IN THEIR INDIVIDUAL CAPACITY AND IN THEIR OFFICIAL CAPACITY.

5) AT ALL TIMES RELEVANT HERETO, DEFENDANT BARY GATZA WAS A POLICE OFFICER EMPLOYED BY THE COUNTY OF BAY TO PERFORM DUTIES AS A POLICE OFFICER. AT ALL TIMES RELEVANT, HE WAS ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT AND EMPLOYEE OF THE DEFENDANT COUNTY OF BAY. HE IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY.

6) AT ALL TIMES RELEVANT HERETO, DEFENDANT RANDY SCHRAOLE WAS A POLICE OFFICER EMPLOYED BY THE COUNTY OF BAY TO PERFORM DUTIES AS A POLICE OFFICER. AT ALL TIMES RELEVANT, HE WAS ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT AND EMPLOYEE OF THE DEFENDANT COUNTY OF BAY. HE IS SUED IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY.

7) AT ALL TIMES RELEVANT HERETO, DEFENDANT "TRANSPORT OFFICER DOE" WAS A POLICE OFFICER EMPLOYED BY THE DEFENDANT MICHIGAN STATE POLICE TO PERFORM DUTIES AS A POLICE OFFICER. AT ALL TIMES RELEVANT, HE WAS ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT AND EMPLOYEE OF THE DEFENDANT MICHIGAN STATE POLICE. HE IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY.

8) AT ALL TIMES RELEVANT HERETO, DEFENDANT "COURT OFFICER DOE" WAS _____ EMPLOYED BY THE DEFENDANT _____ TO PERFORM DUTIES AS A _____. AT ALL TIMES RELEVANT, HE/SHE WAS ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT AND EMPLOYEE OF THE DEFENDANT _____. HE/SHE IS SUED INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY.

9) AT ALL TIMES RELEVANT HERETO, DEFENDANT "O/TPR McGHEE" WAS A POLICE OFFICER EMPLOYED BY THE DEFENDANT MICHIGAN STATE POLICE TO PERFORM DUTIES AS A POLICE OFFICER. AT ALL TIMES RELEVANT, SHE WAS ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT AND EMPLOYEE OF THE DEFENDANT MICHIGAN STATE POLICE. SHE IS SUED IN HER INDIVIDUAL CAPACITY AND IN HER OFFICIAL CAPACITY.

10) AT ALL TIMES RELEVANT HERETO, DEFENDANTS "WILSON, LARRISON, BESS, RUTLAGE, AND WILBER" WERE POLICE OFFICERS EMPLOYED BY EITHER THE MSP OR THE COUNTY OF BAY TO PERFORM DUTIES AS POLICE OFFICERS. AT ALL TIMES RELEVANT, THEY WERE ACTING IN SUCH CAPACITY AS THE AGENTS, SERVANTS, AND EMPLOYEES OF EITHER DEFENDANT MSP OR COUNTY OF BAY. EACH ARE SUED IN THEIR INDIVIDUAL CAPACITY AND IN THEIR OFFICIAL CAPACITY.

11) AT ALL TIMES RELEVANT HERETO, DEFENDANTS "JANE & JOHN DOES" WERE POLICE OFFICERS OR CIVILIAN ADMINISTRATORS OF POLICE EMPLOYED IN SOME MANOR BY THE STATE OR LOCAL MUNICIPALITIES OR BY THE MSP, MIOC OR COUNTY OF BAY TO PERFORM DUTIES AS POLICE OFFICERS OR OFFICERS. AT ALL TIMES RELEVANT THEY WERE ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT, OR EMPLOYEE OF EITHER DEFENDANT MSP OR COUNTY OF BAY OR OTHER. EACH ARE SUED IN THEIR INDIVIDUAL CAPACITY AND IN THEIR OFFICIAL CAPACITY.

12) AT ALL TIMES RELEVANT HERETO, DEFENDANT TROY CUNNINGHAM WAS THE DULY APPOINTED OR ELECTED SHERIFF/ADMINISTRATOR OF THE BAY COUNTY SHERIFF'S OFFICE OF THE DEFENDANT COUNTY OF BAY.

PAGE 2 OF 9

AS SUCH, TROY CUNNINGHAM WAS THE COMMANDING OFFICER OF A NUMBER OF THE DEFENDANTS NAMED HEREIN AND WAS RESPONSIBLE FOR THEIR TRAINING, SUPERVISION AND CONDUCT. HE WAS ALSO RESPONSIBLE BY LAW FOR ENFORCING THE REGULATIONS OF THE BAY COUNTY SHERIFF'S OFFICE AND FOR ENSURING THAT BAY COUNTY POLICE PERSONNEL OBEY THE LAWS OF THE STATE OF MICHIGAN AND OF THE UNITED STATES. AT ALL RELEVANT TIMES, HE WAS ACTING IN SUCH CAPACITY AS THE AGENT, SERVANT, AND EMPLOYEE OF THE DEFENDANT COUNTY OF BAY. HE IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY.

13. THE DEFENDANT COUNTY OF BAY (HEREIN AFTER "COUNTY") IS A MUNICIPAL CORPORATION WITHIN THE STATE OF MICHIGAN AND, AT ALL TIMES RELEVANT, IT EMPLOYED A NUMBER OF THE NAMED AND YET TO BE NAMED DEFENDANTS, INCLUDING JANE AND JOHN DOE WHO ARE SUED INDIVIDUALLY AND IN OFFICIAL CAPACITY.

14. THE DEFENDANT MICHIGAN STATE POLICE (HEREIN AFTER "MSP") IS A CORPORATION WITHIN THE STATE OF MICHIGAN AND, AT ALL TIMES RELEVANT, IT EMPLOYED A NUMBER OF THE NAMED AND YET TO BE NAMED DEFENDANTS, INCLUDING JANE AND JOHN DOE WHO ARE SUED INDIVIDUALLY AND IN OFFICIAL CAPACITIES.

15. DEFENDANT MUNICIPAL CORPORATIONS AND CORPORATIONS NAMED AND YET TO BE NAMED ARE SUED AS PERSONS.

16. AT ALL TIMES RELEVANT HERETO AND IN ALL THEIR ACTIONS DESCRIBED HEREIN, DEFENDANTS WERE AT ALL TIMES ACTING UNDER COLOR OF LAW AND PURSUANT TO THEIR AUTHORITY AS POLICE PERSONNEL.

## FACTUAL ALLEGATIONS

17. ON OR ABOUT OCTOBER 11, 2017 DEFENDANTS RAIDED PLAINTIFF'S HOME IN PINCONNING, MICHIGAN IN BAY COUNTY USING BETWEEN 55-65 POLICE OFFICERS AND STATE ACTORS AT ABOUT 5:30 AM UNDER COVER OF DARKNESS.

18. DEFENDANTS IMMEDIATELY PLACED PLAINTIFF IN RESTRAINTS (HANDCUFFS) BEHIND PLAINTIFF'S BACK AND IMMEDIATELY TAKEN OUT OF HIS HOME WHERE HE REMAINED UNTIL TRANSPORTED TO THE BAY COUNTY JAIL.

19. PLAINTIFF REMAINED IN HANDCUFFS FROM THE TIME THE DEFENDANTS ARRIVED ON THE PLAINTIFF'S PROPERTY UNTIL SUCH TIME HE WAS PLACED INTO A JAIL CELL AT THE BAY COUNTY JAIL.

20. AFTER PLAINTIFF WAS TAKEN TO JAIL, DEFENDANTS LOOTED PLAINTIFF'S HOME.

21. OF THE PROPERTY STOLEN FROM THE PLAINTIFF AT ISSUE IN THIS COMPLAINT ARE THE STATE ISSUED MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS AND PATIENT RECORDS AND FILES BELONGING TO THE PLAINTIFF.

22. ALSO STOLEN FROM THE PLAINTIFF WITH THE THEFT OF THE PLAINTIFF'S MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS WAS "THE PRIVILEGE FROM ARREST" THAT APPLIED ONLY IF THE PRIMARY CAREGIVER PRESENTS BOTH HIS OR HER

PAGE 3 OF 9

REGISTRY IDENTIFICATION CARD AND VALID GOVERNMENT ISSUED IDENTIFICATION CARD THAT BEARS A PHOTOGRAPHIC IMAGE OF THE PRIMARY CAREGIVER.

23) AT NO TIME ON THE PLAINTIFF'S PROPERTY WAS THE PLAINTIFF ALLOWED ANY FREEDOM OF MOVEMENT AFTER THE DEFENDANTS ARRIVED.

24) AT NO TIME WAS THE PLAINTIFF ALLOWED NOR OFFERED THE OPPORTUNITY TO SHOW THE RAIDING POLICE OFFICERS ANY GOVERNMENT ISSUED IDENTIFICATION NOR ANY GOVERNMENT ISSUED MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS.

25) THE DEFENDANT POLICE, BY NOT ALLOWING THE PLAINTIFF THE ABILITY TO PRODUCE GOVERNMENT ISSUED PHOTO ID AND GOVERNMENT ISSUED MICHIGAN MEDICAL MARIHUANA PROGRAMS CARDS, THE RAIDING POLICE INTENTIONALLY ROBBED THE PLAINTIFF OF THE "PRIVILEGE FROM ARREST" LAW IN THE MICHIGAN MEDICAL MARIHUANA ACT OF 2008 BY DENYING THE PLAINTIFF THE ABILITY TO PRODUCE THEM.

26) DEFENDANT RAIDING POLICE WERE TOLD BY PLAINTIFF THAT PLAINTIFF POSSESSED A VALID MICHIGAN MEDICAL MARIHUANA LICENSE AND AUTHORIZE IN THE MEDICAL USE OF MARIHUANA BUT PLAINTIFF WAS IGNORED BY THE DEFENDANT POLICE.

27) ALTHOUGH SEEMINGLY DISINTERESTED IN THE PLAINTIFF'S MICHIGAN MEDICAL MARIHUANA LICENSE AT THE ONSET OF THE RAID, ALL OF THE PLAINTIFF'S MEDICAL MARIHUANA PROGRAM CARDS WERE STOLEN FROM THE PLAINTIFF'S HOME ON OCTOBER 11, 2017 IN THAT SAME RAID.

28) THE PLAINTIFF'S MEDICAL MARIHUANA PROGRAM CARDS WERE NOT LISTED ON ANY RECEIPT OR TABULATION OF THE ITEMS TAKEN FROM PLAINTIFF'S HOME ON OCT 11, 2017.

29) THE PLAINTIFF'S MEDICAL MARIHUANA PROGRAM CARDS WERE NEVER DETAILED IN ANY POLICE REPORT RELATED TO THE INVESTIGATION, RAID, SEIZURE OR PROSECUTION.

30) ADDITIONALLY, THE MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS BELONGING TO DANIELLE AUSTIN WERE STOLEN FROM DANIELLE AUSTIN IN THE SAME RAID BY THE SAME DEFENDANTS.

31) DANIELLE AUSTIN, SIGNIFICANT OTHER OF THE PLAINTIFF, ALSO RESIDES AT THE RAIDED PINCONNING MICHIGAN HOME IN BAY COUNTY AND ALL HER MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS WERE STOLEN BY THE SAME RAIDING DEFENDANT POLICE DURING THE SAME RAID.

32) DANIELLE AUSTIN'S STOLEN MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS DO NOT APPEAR ON ANY RECEIPT OR TABULATION OR IN ANY POLICE REPORT PROVIDED TO PLAINTIFF.

33) ON DEC 6, 2017 PLAINTIFF WAS RELEASED FROM THE BAY COUNTY JAIL ON A $100,000.00 P/R BOND WITH NO MARIHUANA OR CONTROLLED SUBSTANCE RESTRICTIONS.

PAGE 4 OF 9

34) ON DECEMBER 7, 2017, PLAINTIFF BEGAN ACQUIRING, POSSESSING, CULTIVATING, MANUFACTURING, EXTRACTING, USING, INTERNALLY POSSESSING, DELIVERING, TRANSFERRING AND TRANSPORTATION OF MARIHUANA AS PLAINTIFF WAS STILL LICENSED TO DO LAWFULLY UNDER THE MICHIGAN MEDICAL MARIHUANA ACT, MCL 333.26421 ET SEQ.

35) FROM DECEMBER 7, 2017 THROUGH AUGUST 8, 2018, PLAINTIFF PARTICIPATED LAWFULLY IN THE MEDICAL USE OF MARIHUANA AS DEFINED BY THE MEDICAL MARIHUANA ACT.

36) IN APRIL 2018 PLAINTIFF'S MICHIGAN MEDICAL MARIHUANA PROGRAM REGISTRATION EXPIRED AND PLAINTIFF PAID THE STATE OF MICHIGAN TO RENEW HIS REGISTRATION AT ABOUT THE SAME TIME.

37) THE PLAINTIFF WAS ISSUED A NEW MICHIGAN MEDICAL MARIHUANA PROGRAM CARD AT SOME POINT BETWEEN MAY AND JULY 2018.

38) DANIELLE AUSTIN'S MEDICAL MARIHUANA PROGRAM CARDS EXPIRED IN 2018 LIKE THE PLAINTIFFS AND TED AND DANI RENEWED THEIR PROGRAM CARDS AT THE SAME TIME IN 2018 AND BOTH RECEIVED NEW REPLACEMENT MEDICAL MARIHUANA PROGRAM CARDS BETWEEN JUNE & JULY 2018.

39) ON AUGUST 8, 2018 THE SAME DEFENDANTS CONDUCTED THE SAME RAID ON THE PLAINTIFF'S HOME AS THEY HAD DONE 10 MONTHS PRIOR ON OCTOBER 11, 2017.

40) AGAIN PLAINTIFF WAS WHISKED OFF TO JAIL BY DEFENDANT "TRANSPORT OFFICER" AND HAS BEEN WRONGFULLY INCARCERATED EVER SINCE WITHOUT EVER BEING ALLOWED TO PRESENT THE RAIDING POLICE DEFENDANTS HIS BRAND NEW MICHIGAN MEDICAL MARIHUANA CARDS.

41) AGAIN - BETWEEN 55-65 POLICE OFFICERS AND/OR STATE ACTORS WERE USED.

42) AGAIN - PLAINTIFF VISNER'S AND DANIELLE AUSTIN'S MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS WERE STOLEN BY THE 55-65 DEFENDANT POLICE.

43) AGAIN - MICHIGAN MEDICAL MARIHUANA PROGRAM CARDS STOLEN BY THE POLICE WERE NOT REPORTED ON ANY RECEIPT OR TABULATION NOR MENTIONED IN ANY POLICE REPORT.

44) AGAIN - PLAINTIFF'S "PRIVILEGE FROM ARREST" PROMISED IN THE MICHIGAN MEDICAL MARIHUANA ACT WAS ADDITIONALLY ROBBED FROM PLAINTIFF BY DEFENDANTS AND DEFENDANT POLICE.

45) BECAUSE THE STOLEN MEDICAL MARIHUANA CARDS FROM THE FIRST AND SECOND RAIDS BY DEFENDANTS WERE NEVER DISCUSSED OR MENTIONED IN ANY ALLEGED SEARCH AND SEIZURE WARRANT, TABULATION, RECEIPT OR

PAGE 5 OF 9

OR POLICE REPORT, PLAINTIFF WAS NOT ABLE TO USE THE ACTUAL MEDICAL MARIJUANA CARDS AS PROOF AND EVIDENCE IN PLAINTIFF'S DEFENSE IN EITHER THE 2017 CASES OR THE 2018 CASE AT SIGNIFICANT PREJUDICE TO THE PLAINTIFF. A PREJUDICE DESIGNED AND EXECUTED BY THE DEFENDANTS.

46) BECAUSE THE DEFENDANT POLICE AND PROSECUTORS NEVER INDICATED FROM THE TIME OF THE FIRST RAID THROUGH THE FIRST TRIAL, THAT CONCLUDED ON OCTOBER 26, 2018, THAT PLAINTIFF'S MEDICAL MARIHUANA CARDS WERE IN THE POSSESSION OF THE DEFENDANTS FROM THE TIME OF THE RAIDS. THE PLAINTIFF COULD NOT ASK THE DEFENDANTS FOR THE MMP CARDS WITHOUT TIPPING OFF THE DEFENDANTS AND ALLOWING THEM TO DESTROY OR OTHERWISE DISPOSE OF THE EVIDENCE AND FOREVER CONCEALING THE THEFT AND CONCEALMENT OF THIS IMPORTANT EXCULPATORY EVIDENCE FROM BOTH THE PLAINTIFF AND THE JURY TO SECURE A GUILTY VERDICT.

47) ON _____, MRS ANDREA LABEAN SECURED THE RETURN OF DANIELLE AUSTIN'S MMP CARDS THROUGH THE PROSECUTOR'S OFFICE FROM THE DEFENDANTS IN THIS ACTION AS AN ADDED INCENTIVE INTENDED TO ENTICE PLAINTIFF TO ABANDON HIS INTEREST IN THE CIVIL ASSET FORFEITURE ACTIONS INITIATED BY THE DEFENDANTS AGAINST PLAINTIFF VISNER AND DANIELLE AUSTIN'S PROPERTY STOLEN BY THE DEFENDANTS IN THE TWO RAIDS.

48) THE RETURN OF DANIELLE AUSTIN'S MMP CARDS IN 2019 IN POLICE EVIDENCE BAGS PROVES THAT MEDICAL MARIHUANA CARDS WERE STOLEN FROM THE PLAINTIFF'S HOME BY POLICE DEFENDANTS IN THE RAIDS.

49) AT PLAINTIFF'S TRIAL IN OCTOBER 2018, THIS PROOF AND EVIDENCE, STOLEN BY THE DEFENDANTS COULD NOT BE ENTERED INTO EVIDENCE AND PRESENTED TO THE JURY, EVIDENCE PROVING THAT THE PLAINTIFF WAS LICENSED BY THE STATE OF MICHIGAN IN THE MEDICAL USE OF MARIHUANA AND AUTHORIZED TO ACQUIRE, PROCESS, CULTIVATE, MANUFACTURE, EXTRACT, USE, INTERNALLY POSSESS, DELIVER, TRANSPORT AND TRANSPORTATION OF MARIHUANA LAWFULLY UNDER STATE LAW AND THE PRIVILEGE FROM ARREST AND PROSECUTION.

50) STEALING THE PLAINTIFF'S MEDICAL MARIHUANA LICENSE CARD ALSO SERVED TO DEFEAT THE ENTRAPMENT BY ESTOPPEL DOCTRINE. THIS ALLOWED THE DEFENDANTS TO PROSECUTE THE PLAINTIFF OUTSIDE THE MEDICAL MARIHUANA ACT AS IF IT DIDN'T EXIST AND USING MICHIGAN'S DRUG WAR AGAINST MARIJUANA LEGISLATION CODIFIED IN THE PUBLIC HEALTH CODE OF 1978 BY HAVING SUCCESSFULLY STRIPPED AND ROBBED THE PLAINTIFF OF THE PROTECTIONS ESTABLISHED IN THE ACT FOR REGISTERED PARTICIPANTS.

51) DEFENDANTS WORKED COLLECTIVELY, COOPERATIVELY AND INDIVIDUALLY TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE IN A COURT, UNDER COLOR OF LAW.

52) The Plaintiff was powerless to prevent or stop 55-65 police officer assault on Plaintiff's home and the theft of Plaintiff's property.

53) The Plaintiff was also powerless to suggest, insist or persuade Defendant Raidwa Police to follow and obey the laws and constitution of Michigan.

54) As a result of the misconduct and malfeasance herein before described, Plaintiff was forced to endure unlawful imprisonment and unfair trial, humiliation, emotional distress, pain and suffering, continuing pain and suffering, incurred expenses including legal fees, loss of income and was otherwise damaged. Plaintiff was also physically injured as a direct result of the conduct of the Defendants alleged herein.

55) On information and belief, the abuses to which the Plaintiff was subjected was consistant with an institutionalized practice of the Defendant Police and Prosecutors and Supervisors which was known to and ratified by the Defendants. At no time was any effective action taken to prevent Defendants from continuing to engage in such misconduct and lawless manner.

56) On information and belief, Defendants had prior notice of the many constitutional violations, criminal violations and other vicious abuses but took no steps to correct or train against them, correct their abuses of authority or to discourage their unlawful use of their authority. The failure to properly train Defendants included the failure to instruct them in applicable provisions of Michigan State law and with proper and ethical application.

57) On information and belief, Defendants authorized, tolerated, instructed and institutionalized practices, and ratified the misconduct, malfeasance, cruel and unusual punishment herein detailed by:

   57a) Failing to properly train, dicipline, restrict, and control employees including Defendants named and yet to be named herein, known to be entirely unaccountable for their actions.

   57b) Failing to take adequate precautions in the hiring, promotion, and retention of police and prosecutor personnel, including specifically but not limited to Coppolino, Berushko, Gatza, Shrabel and Cunningham unless... UNLESS the hiring, promotion and retention of police and prosecutor Defendants named herein has been designed to achieve these exact abilities and to achieve these same results by desired intent, weaponizing the judicial process to target and destroy people selectively.

   57c) Failing to forward to unbiased authorities the claim and evidence

Page 7 of 9

OF CRIMINAL ACTS OF THE DEFENDANTS NAMED HEREIN.

57d) FAILING TO ESTABLISH OR MAINTAIN OR TO ASSURE THE CONTINUOUS FUNCTIONING OF A BONA FIDE AND MEANINGFUL DEPARTMENTAL SYSTEMS FOR DEALING WITH COMPLAINTS AND GRIEVANCES OF POLICE AND PROSE-CUTORS MISCONDUCT, MALFEASANCE AND TORTIOUS ACTIVITIES BUT INSTEAD RESPONDING WITH SILENCE OR RETALIATION OR ALTERNATIVELY WITH BUREAUCRATIC POWER AND OFFICIAL DENIALS CALCULATED TO MISLEAD THE PUBLIC. THIS CONDUCT ALSO CONSTITUTES GROSS NEGLIGENCE AND FRAUD UNDER STATE LAW.

58) AS A CONSEQUENCE OF THE ABUSE OF AUTHORITY, MALFEASANCE IN OFFICE, AGREGIOUS ABUSE OF STATE POWER AND AUTHORITY UNDER COLOR OF LAW, GROSS NEGLIGENCE AND FRAUD DETAILED HEREIN, PLAINTIFF HAS SUSTAINED THE DAMAGES ALLEGED HEREIN.

# FEDERAL CAUSE OF ACTION

59) THE ALLEGATIONS SET FORTH IN PARAGRAPHS (1) THROUGH (58) ARE INCORPORATED HEREIN BY REFERENCE.

60) THE HEREIN ABOVE DESCRIBED ACTIONS AND OMISSIONS, ENGAGED IN UNDER COLOR OF STATE AUTHORITY BY THE DEFENDANTS, INCLUDING THE DEFENDANT COUNTY & DEFENDANT MSP CORP AS PERSONS, SUED AS PERSONS, RESPONSIBLE BECAUSE OF THEIR AUTHORIZATION, CONDONATION, DIRECTION AND RATIFICATION THEREOF FOR THE ACTS OF ITS AGENTS, DEPRIVED THE PLAINTIFF OF RIGHTS SECURED TO HIM BY THE CONSTITUTION OF THE UNITED STATES, INCLUDING BUT NOT LIMITED TO, HIS FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCE, FREEDOM OF SPEECH AND EXPRESSION, HIS FOURTH AMENDMENT RIGHT TO BE FREE FROM UNLAWFUL SEARCH AND SEIZURE OF HIS PROPERTY AND PERSON. HIS SIXTH AMENDMENT RIGHTS TO A FAIR TRIAL, FIFTH AMENDMENT RIGHT TO DUE PROCESS AND RIGHT TO PRESENT A DEFENSE, EQUAL PROTECTION UNDER THE LAW AMENDMENT AND HIS EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. ETC.

61) THE ACTS AND CONDUCT HEREIN BEFORE ALLEGED CONSTITUTE FALSE ARREST AND IMPRISONMENT, ASSAULT AND BATTERY, HOME INVASION, LARCENY MALICIOUS PROSECUTION, ABUSE OF PROCESS, PRIMA FACIA TORT, CONSPIRACY TORT, NEGLIGENCE, GROSS NEGLIGENCE AND FRAUD UNDER THE LAWS OF THE STATE OF MICHIGAN. THIS UNITED STATES DISTRICT COURT HAS PENDENT JURISDICTION TO HEAR AND ADJUDICATE THESE CLAIMS.

WHEREFORE: PLAINTIFF THEODORE J. VISNER, DEMANDS THE FOLLOWING RELIEF JOINTLY AND SEVERALLY, AGAINST ALL DEFENDANTS:

A.) IMMEDIATE DECLATORY AND INJUNCTIVE RELIEF WITH IMMEDIATE RELEASE FROM STATE PRISON, VACATION OF SENTENCE WITH EXPUNGEMENT AND IMMEDIATE AND SAFE TRANSPORTATION HOME.

B.) FEES, COSTS & DEFENSE LABOR AND EXPENSES TO DATE IN THE AMOUNT OF $155,400.- MADE PAYABLE IMMEDIATELY.

C.) COMPENSORY DAMAGES IN THE AMOUNT OF $31,000,000.-

D.) PUNATIVE DAMAGES IN THE AMOUNT OF $31,000,000.-

E.) IIED DAMAGES AS ACTUAL DAMAGES OF $31,000,000.-

F.) ANY AND ALL FURTHER RELIEF DEEMED APPROPRIATE AND JUST BY THIS HONORABLE COURT.

G.) ORDER DEFENDANTS TO DISCONTINUE ALL HARASSMENT OF PLAINTIFF AND PLAINTIFF'S FAMILY.

RESPECTFULLY SUBMITTED,

4-25-19  4-25-19
DATE

THEODORE VISNER #526348
PARNALL CORRECTIONAL FACILITY
1780 EAST PARNALL ROAD
JACKSON, MICHIGAN 49201

I FURTHER DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS FEDERAL CIVIL RIGHTS LAWSUIT AGAINST BAY COUNTY - MICHIGAN STATE POLICE ET AL WAS PLACED IN THE PRISON MAILING SYSTEM ON APRIL 26, 2019.

SIGNED

4-26-19
DATE

THEODORE J. VISNER #526348

PAGE 9 OF 9

Michael Visner #560570
Parnall Correctional Facility
1780 East Parnall Road
Jackson, MI 49201

United States District Court
US Post Office Building
1000 Washington Ave.
Bay City, Michigan. 48708

RECEIVED
MAY 02 2019
U.S. DISTRICT COURT
BAY CITY, MICHIGAN

RECEIVED
MAY -3 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

U.S. MARSHALS

ZIP 49201 $ 001.71
02 4W
0000361255 APR 29 20

4/25/19 PM

19-11289

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 19-11289 | Judge: Laurie J. Michelson | Magistrate Judge: Patricia T. Morris |
|---|---|---|

**Name of 1st Listed Plaintiff/Petitioner:**
Theodore J. Visner

**Name of 1st Listed Defendant/Respondent:**
Barry Gatza, et. al

**Inmate Number:** 562348

**Additional Information:**
DM-no copies

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201
JACKSON COUNTY

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes    ☒ No
   - ➤ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes    ☒ No
   - ➤ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

MIED (Rev. 07/06) Civil Cover Sheet for Prisoner Cases