UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE VISNER,

    Plaintiff,

v.

BARRY GATZA, *et al.*,

    Defendants.

Case No. 19-11289
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT [1] AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [7]**

Theodore J. Visner is a Michigan prisoner, currently serving a custodial sentence for convictions out of Bay County Circuit Court. Visner sues a host of police officers, prosecutors, and municipalities, all of whom, Visner says, in one way or another violated his constitutional rights. To make him whole, Visner seeks monetary damages and injunctive relief. Specifically, Visner asks for a temporary restraining order releasing him from custody, expunging his record, and barring Bay County from pursuing any further criminal prosecutions against him.

The Court has granted Visner leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Because Visner is proceeding without first paying, the Court is required to screen his complaint before initiating service on the Defendants. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). And if upon screening the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief, the complaint must be dismissed. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making

this determination, pro se filings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Visner's chief complaint goes to the validity of his continued confinement. He challenges the police raids on his property and the ensuing state criminal proceedings. Because Visner alleges his rights were violated at every stage, he thinks he is entitled to an injunction securing his release.

However, an action under § 1983 is not a valid way to challenge confinement following a state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Only by petitioning a federal court for a writ of habeas corpus may a state prisoner seek relief from a state criminal conviction. *Id.* So Visner's present demand for his immediate release from prison is unwarranted.

Moreover, to the extent Visner seeks any other form of relief (monetary or injunctive), his claims are barred. A prisoner's § 1983 case is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The bar continues until Visner can show that state criminal proceedings have terminated in his favor. *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 377–78 (6th Cir. 2006).

Visner cannot overcome the *Heck* bar. Visner challenges police raids on his property along with the ensuing state criminal process that, taken together, led to his felony firearm convictions. Success in this action would demonstrate the invalidity of Visner's convictions and his continued confinement. But because Visner cannot first establish that his felony firearm convictions have been overturned or called into question on habeas review, his civil rights claims are barred by *Heck*. *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008). They must be dismissed.

Finally, to the extent *Heck* does not bar the remainder of Visner's claims, they are still subject to dismissal. It appears Visner seeks monetary damages based on allegedly unreasonable

search and seizure. But to recover from an allegedly unreasonable search and seizure "a § 1983 plaintiff must prove . . . that [the search and seizure] caused him actual, compensable injury, which does not encompass the injury of being convicted and imprisoned (until his conviction has been overturned)." *Heck* at 487, n. 7; *see also Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (illegal search claim barred by *Heck* because a conviction resulting from the seizure of incriminating evidence is not a compensable injury). In this case, Visner does not allege any facts showing a personally compensable injury (other than loss of freedom) in his complaint. At best, Visner makes conclusory claims of assault, stemming from his arrest and placement in handcuffs. But conclusory allegations are insufficient to state a civil rights claim. *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Thus, what remains of Visner's complaint is subject to dismissal.

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and DENIES Visner's request for a temporary restraining order. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: May 29, 2019

CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, May 29, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

            s/William Barkholz
            Case Manager