United States District Court
Eastern District of Michigan

FILED
JUN 13 2019
U.S. DISTRICT COURT
BAY CITY, MICHIGAN

Theodore J Visner
　Plaintiff,
　　v.
Barry Gaiza, Et Al
　Defendant,

Case No: 19-cv-11289
Judge: Michelson

Plaintiff's Answer and Objection to This Court's Sua Sponte Opinion and Order Dismissing Plaintiff's Complaint [1] and Denying Plaintiff's Emergency Motion for Temporary Restraining Order [7]

Emergency Motion for Reconsideration of Both It's Opinion and Order Dismissing Plaintiff's Complaint [1] and Denying Plaintiff's Emergency Motion for Temporary Restraining Order [7]

Motion to the Court to Consider This 1983 Action As Being or Including a Petition for Writ of Habeas Corpus to Address That Which the State Refuses to Allow a Ginther Hearing or Brady Motion to Expose the Police Theft of This Plaintiff's Exculpatory Evidence since the County Hand Picked Daniel Brewer, a Sand Bagger, to Keep Plaintiff from Post Conviction Remedies or Alternatively Notice of Appeal

Page 1 of 9

In reading the Court's 3 page Sua Sponte Opinion and Order I find myself wondering if the Court filed It's Notice of Appearance as Counsel for the Defense and someone forgot to notice me. LoL

The Court throws around ① Frivolous and Malicious, ② Failure to state a claim for which relief can be granted, ③ Seeking monitary relief against a defendant who is immune from such relief as if the Court wants me to respond to each?

QUESTION 1: Please tell me more clearly the grounds and specific authorities relied upon by this Court to dismiss this Plaintiff's case.

United States Supreme Court (A) Albright v. Oliver, 510 US. 266 "We have said that the accused is not 'entitled to judicial oversight or review of the decision to prosecute.'" Id at 118-119. See also Beck v. Washington, 369 U.S. 541, 545,... - Michigan Constitution Article one Sec 13;

I have accused Barry Gatza (a Police officer) of barging into my home and stealing exculpatory evidence from my home to undermine my defense at my future trial. This is more than just despicable, this is evil and criminal but because Barry Gatza is a Police officer he will not be criminally prosecuted criminally where Mr. Gatza would not be "entitled to judicial oversight", here we find that he is? This is volitive of equal protection and establishes and ratifies "Double Standards."

Page 2 of 9

THIS COURT MUST RECOGNIZE THAT IT IS POSSIBLE FOR A CITIZEN TO BE SO DISPISED BY COUNTY, STATE OFFICIALS THAT OVERWHELMING ACTS OF INTENTIONAL BIAS PREJUDICING THAT CITIZEN CAN AND WILL BE INFECTIOUS OF ALL PROCEEDURES WITH REGARD TO THE SAME CITIZEN SUBJECT OF THE PREJUDICE. THERE IS AN ENTIRE PSYCOLOGY RELATED TO THIS (BULLYING)

CURRENTLY, AS THROUGHOUT THIS PLAINTIFF'S CRIMINAL TRIAL IN BAY COUNTY MICHIGAN, THROUGH VARIOUS MECHANISMS AND PROCEEDURES, THE 18th CIRCUIT COURT ESSENTUALLY BARRICADED ACCESS TO THE MICHIGAN COURT OF APPEALS AND WAS ASSISTED IN THIS DENIAL OF ACCESS TO THE STATE'S APPELLATE COURT BY THE APPELLATE COURT ITSELF. NEITHER THE 18th CIRCUIT COURT (HARRY P. GILL) NOR THE COURT OF APPEALS ITSELF WOULD ALLOW THIS PLAINTIFF "MEANINGFUL ACCESS" TO THE MICHIGAN COURT OF APPEALS FOR INTERLOCATORY APPEAL PURPOSES DENYING THIS PLAINTIFF'S FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR THE REDRESS OF GRIEVANCES.

BAY COUNTY, BAY COUNTY POLICE AND PROSECUTORS CAME AT THIS PLAINTIFF WITH THE INTENT TO PUT HIM IN PRISON USING ANY AND ALL MEASURES, LAWFUL OR UNLAWFUL, AT THEIR DISPOSAL. THIS HOWEVER COULD NOT BE ACCOMPLISHED WITHOUT THE FULL AND EXECUTING COOPERATION OF HARRY P. GILL AND THE 18th CIRCUIT COURT, AND THE PROSECUTORS OFFICE.

QUESTION 2: HAS THIS COURT SERVED ALL THE PARTIES TO THIS ACTION ITS OPINION AND ORDER? YES / NO

PAGE 3 OF 9

BAY COUNTY HAS WEAPONIZED IT'S COURT PROCESS WHICH IS MORE DEADLY THAN ABUSE OF PROCESS AND MALICIOUS PROSECUTION ALONE.

THE PREMEDITATED THEFT OF THIS PLAINTIFF'S EXCULPATORY EVIDENCE IS ENTIRELY DIFFERENT THAN POLICE SEIZING INCRIMINATING EVIDENCE. IN THE FIRST INSTANCE AS IN THE INSTANT CASE, THE EVIDENCE STOLEN FROM THE PLAINTIFF'S HOME (BY POLICE) WAS STOLEN SO THAT IT COULD BE <u>CONCEALED</u> FROM THE COURT AND THE JURY AT TRIAL. BECAUSE THE THEFT OF THIS PROPERTY WAS CONCEALED, BY THE DEFENDANTS, (POLICE & PROSECUTORS), UNTIL AFTER THE PLAINTIFFS TRIAL, IT APPEARS <u>NOWHERE</u> IN THE TRIAL COURT RECORD AND AS SUCH FAILS TO MAKE ITSELF KNOWN TO THE RECORD AND NOT SUBJECT TO APPELLATE REVIEW, (A STATE REMEDY + DENIED).

THIS PLAINTIFF HAS BEEN APPOINTED APPELLATE COUNSEL HAND SELECTED BY THE SAME DEFENDANT COUNTY (SYSTEM) THAT PERFECTED THIS MALICIOUS PROSECUTION STEALING THIS PLAINTIFF'S LIBERTY WHILE CREATING MASSIVE HARDSHIPS ON THE PLAINTIFF'S FAMILY. IRREPARABLE HARMS AND CONTINUEING HARMS. ON DECEMBER 10, 2018 THIS PLAINTIFF WAS ASSIGNED DANIEL BREMER AS APPELLATE COUNSEL. OVER THE LAST 5½ MONTHS, (25% OF MY SENTENCE!) MR. BREMER HAS WRITTEN THIS PLAINTIFF, "HIS CLIENT" THREE LETTERS CONTAINING NO MORE THAN 4-5 SENTENCES EACH. & NOT ONE CONVERSATION!

THIS ACTION HAS BEEN FILED IN THIS COURT BECAUSE THIS PLAINTIFF HAS NOWHERE ELSE TO GO AND NO "STATE REMEDIES" TO EXHAUST. THE REFUSAL OF THIS COURT TO TAKE ACTION, REGARDLESS OF IT'S IMPLICATIONS REGARDING THE LOWER COURT LEAVES THIS PLAINTIFF WITHOUT FIRST AMENDMENT RIGHT TO THE REDRESS OF GRIEVANCES.

THE 18th CIRCUIT COURT, BY "CALLING IN A MARKER" WITH DANIEL BREMER AS A "SAND BAGGER" ASSIGNED SIMPLY TO

PAGE 4 OF 9

STALL MY POST-CONVICTION DEFENSES AND KEEP ME IN PRISON TO SERVE AS MUCH OR EVEN ALL OF MY SENTENCE IMPOSED WITH KNOWING MALICIOUS INTENT — UNLAWFULLY.

6-5-19: JUST RECEIVED MY 4th COMMUNICATION TONIGHT AT ABOUT 6:30PM THAT MY SAND BAGGER APPEALS LAWYER HAS SET A HEARING TO WITHDRAW AFTER WASTING 5½ MONTHS OF MY LIFE BY AVOIDING ME AND TAKING UP SPACE. DANIEL BREMER IS NOW, AGAIN, REFUSING TO DELIVER ME THE ORDERED TRANSCRIPTS, FOR THE 28± DIFFERENT COURT HEARINGS THAT TOOK PLACE OVER A 13 MONTH PROSECUTION THAT WAS BARRED FROM PROSECUTION IN THE FIRST PLACE UNDER THE ENTRAPMENT BY ESTOPPEL DOCTRINE. NOW, AFTER BEING IN PRISON FOR 5½ MONTHS, I HAVE TO SPEND ONE VERY FULL DAY IN 5-POINT RESTRAINTS, TO BE TRANSPORTED TO BAY COUNTY, NOT FOR A BRADY HEARING, NOT FOR A MALICIOUS PROSECUTION HEARING, BUT FOR A WASTE MORE OF MY LIFE EVENT "MOTION TO WITHDRAW AS APPOINTED APPELLATE ATTORNEY"; THE ONLY OFFICIAL ACT OF THIS HARRY P. GILL APPOINTED SANDBAGGER OVER 5½ MONTHS.

THE THOUGHT OF BEING TAKEN BACK TO BAY COUNTY MAKES ME NAUTIOUS. THE POLICE ARE DEFENDANTS, THE PROSECUTORS ARE DEFENDANTS, THE JUDGES ARE DEFENDANTS AND THE JAIL AND ITS ADMINISTRATORS ARE DEFENDANTS AND THIS SUPERIOR COURT WOULD FORCE ME TO RETURN TO THOSE WHO HAVE BEEN VIOLATING ME SINCE OCTOBER 11, 2017. HOW COULD THIS COURT, OR ANY COURT, RECONCILE FORCING A MAN TO RETURN TO A COUNTY THAT HAS 1st PROSECUTED, CONVICTED AND SENTENCED HIM WITHOUT PRIMARY CRIMINAL CHARGES, 2nd ATTACHED ENHANCING WEAPONS CHARGES ON NON-EXISTANT UNDERLYING CHARGES MAKING 750.227b STAND ALONE CONTRARY TO THE INTENT OF MICHIGAN LEGISLATORS, 3rd FORCES HIM TO DEFEND FROM JAIL, 4th JAIL ADMINISTRATORS INTENTIONALLY DEFIED COURT ORDERS TO DENY HIM ACCESS TO COURT ORDERED DEFENSE MATERIAL

PAGE 5 of 9

AND PROOFS, (EXCULPATORY EVIDENCE) 5th WHILE KNOWING THAT THE BAY COUNTY POLICE AND PROSECUTORS CONSPIRED TO STEAL THIS MAN'S EXCULPATORY (EXHONORATING) EVIDENCE AS THE VERY FIRST OFFICIAL ACTION UNDER COLOR OF LAW AND THE "CHIEF COMPLAINT" OF THIS ACTION.

NOTING NOW THAT THIS UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN IS ONE STONE'S THROW AWAY FROM THE 18th CIRCUIT COURT AND HARRY P. GILL AND STAFF, AND BAY COUNTY SHERIFF, BAY COUNTY JAIL AND BAY COUNTY PROSECUTORS WHERE THESE SAME PEOPLE PROBABLY MEET ONCE A WEEK AT A ROTARY MEETING OR LOCAL BAR MEETING.

NOTING ALSO THAT THE 74th DISTRICT COURT, ALSO IN BAY COUNTY AND IN BAY CITY AND ALSO A STONE'S THROW FROM THIS US DIST COURT IS AND HAS BEEN TAMPERING WITH AND BREAKING/BREAKING INTO AND TAMPERING WITH THE OFFICIAL MASTER ☒ COURTROOM AUDIO RECORDING IN CASE 18-10535 TO CONCEAL CRIME, CORRUPTION, FRAUD OF THE 74th DISTRICT COURT AND JUDGE TIMOTHY J. KELLY AND I HAVE NOWHERE TO REPORT THESE CRIMES.

NOTING AND WITH REFERENCE AND REFLECTION ON THE ABOVE THIS COURT MUST RECONSIDER IT'S DECISION TO DISPOSE OF THIS ACTION AS IT INTENDS.

THIS COURT COULD JUST AS EASILY, CONSIDER THIS ACTION TO INCLUDE A PETITION FOR AN ISSUED WRIT OF HABEAS CORPUS. IT IS NOW ALSO PRESENTED HERE AS A MOTION TO THIS COURT TO CONSIDER THIS 1983 CLAIM TO INCLUDE A PETITION FOR HABEAS CORPUS. MY CRIMINAL PROSECUTION WAS PREDICATED UPON CONSPIRED BRADY VIOLATIONS!

FORCING THIS PLAINTIFF TO PETITION ALL OF THE SAME PEOPLE HE HAS NAMED AS DEFENDANTS IN ONE ACTION OR ANOTHER

Page 6 of 9

DEFIES BOTH REASON, COMMON SENSE AND LOGIC.

THIS PLAINTIFF IS ONLY IN PRISON TODAY BECAUSE HE HAS NOWHERE OR NOONE TO PRESENT POST-CONVICTION REMEDIES MOTIONS TO. IN ESSENCE, DUE PROCESS HAS BEEN SUSPENDED.

I HAVE A TWO YEAR OLD BABY GIRL AT HOME THAT I HAVE NOT SEEN IN OVER 10 MONTHS. WHY? BECAUSE I WAS LICENSED BY THE STATE TO ACQUIRE, POSSESS, CULTIVATE, (MANUFACTURE), EXTRACT, USE, INTERNALLY POSSESS, (DELIVER,) TRANSFER AND TRANSPORT MARIHUANA SO THE POLICE COULD RAID & ROB ME OF LIBERTY AND PROPERTY AND LIFE UNDER SOME PRETENCE THAT THE VERY THING I WAS LICENSED BY THE STATE TO LAWFULLY DO, "(MANUFACTURE AND DELIVER)" WAS A 4 YEAR FELONY DESPITE THE FACT THAT I WAS LICENSED TO DO IT LAWFULLY!

THIS IS A TRICKY ISSUE. THE PROSECUTION AND POLICE UNDERSTOOD HOW MUCH MORE DIFFICULT PROSECUTING ME WOULD BE IF I HAD MY MEDICAL MARIHUANA CARDS (ALL OF THEM) SUBMITTED INTO EVIDENCE FOR THE JURY TO HOLD IN THEIR HANDS. THEY ALSO KNEW THAT I WOULD HAVE CALLED THEM INTO EVIDENCE HAD THEY BEEN PROPERLY LISTED ON POLICE REPORTS AND TABULATIONS AND WARRANTS. BECAUSE THE THEFT OF THIS EXCULPATORY EVIDENCE WAS CONCEALED, ASKING THEM FOR IT WOULD HAVE ALLOWED THEM THE OPPORTUNITY TO DESTROY THE EVIDENCE COMPLETELY CONCEALING THE FACT THAT THEY TOOK IT FOREVER. THE PROSECUTOR, COPPOLINO NEVER PRODUCED REQUESTED DISCOVERY EVEN AFTER HE WAS ORDERED TO.

PAGE 7 OF 9

BERNARD COPPOLINO, NANCY BORUSHKO, BARRY GATZA, RANDY SCHUBEL HAVE KNOWINGLY TAKEN POSSESSION OF THIS PLAINTIFF'S MEDICAL MARIHUANA PROGRAM CARDS (STATE LICENSES) (EXCULPATORY EVIDENCE) FOR THE PURPOSE OF MALICIOUS PROSECUTION LEADING TO UNLAWFUL CONVICTION & SENTENCE.

CALL THEM ON THE PHONE AND ASK THEM! THEY WILL TELL YOU THEY HAVE CONCEALED THIS EXCULPATORY EVIDENCE TO STEAL THE VERDICT OF THE JURY, TO GET A CONVICTION. THEY WILL ADMIT THIS TO YOU BECAUSE THEY ARE ALL CLAIMING IMMUNITY.

✪ THE 18th CIRCUIT COURT IS ALSO BLOCKING MY FUNDS.

THIS STOLEN EXCULPATORY EVIDENCE DOES NOT APPEAR ON THE COURT, TRIAL COURT RECORD AND IS THUS NOT SUBJECT TO REVIEW. TO HAVE IT ADDED TO THE TRIAL COURT RECORD, THIS, NOW CONVICT, WOULD HAVE TO BEG THE MICHIGAN COURT OF APPEALS FOR A REMAND WHEN THE SAME COURT HAS BEEN HELPING BAY COUNTY AND THE 18th CIRCUIT COURT KEEP ME (OR BLOCK ME) FROM APPEALING ANYTHING AND EVERYTHING. NOW THE SAME MICHIGAN APPELLATE COURT CAN SAY THIS TO ME IN A MOTION TO REMAND.

"BECAUSE DEFENDANT DO NOT RAISE THIS ISSUE IN THE TRIAL COURT AND THIS COURT DENIED HIS MOTION TO REMAND, OUR 'REVIEW IS LIMITED' TO ITEMS FROM THE RECORD..." 263 MICH AP. 42, 48; 687 NW 2d 342 (2004)

"THE FULFILMENT OF DUE PROCESS IS MEANINGLESS IF ITS TAKES PLACE AFTER THE EXECUTION OF SENTENCE."

EVEN IF THIS PLAINTIFF WERE SUCCESSFUL IN OBTAINING A NEW TRIAL, HE WOULD BE DENIED A CHANGE IN VENUE AND WOULD BE FORCED TO SUFFER AGAIN AT THE HANDS OF THE SAME COUNTY, COURT, AND JAIL AND POLICE. HE WOULD ALSO, AGAIN, BE DENIED FAIR TRIAL, DENIED INDIGENT STATUS, DENIED FREEDOM/BOND AND BE FORCED AGAIN TO DEFEND FROM JAIL.

CONSTITUTIONAL QUESTION 3: ARE POLICE CONSTITUTIONALLY PERMITTED TO TAKE PROPERTY FROM PEOPLE THAT IS NOT LISTED SPECIFICALLY IN A SEIZURE WARRANT OF EXCULPATORY NATURE AND NEVER REPORT IT? PLAINTIFF SAYS "NO".

QUESTION 4: ARE COUNTY PROSECUTORS CONSTITUTIONALLY PERMITTED TO STEAL EVIDENCE TO CONCEAL IT RATHER THAN SIMPLY SUPPRESS EVIDENCE PROPERLY COLLECTED AND TABULATED TO AVOID THE CLAIMS OF UNLAWFUL EVIDENCE SUPPRESSION? PLAINTIFF SAYS "NO".

QUESTION 5: CAN THE BAY COUNTY PROSECUTOR CONTINUE TO HOLD AND CONCEAL THIS EXCULPATORY EVIDENCE WITHOUT BRINGING IT FORWARD TO THE COURT UNTIL I HAVE FINISHED SERVING A TWO YEAR SENTENCE SIMPLY BECAUSE THIS EXCULPATORY EVIDENCE WAS SUPPRESSED BY THEFT? PLAINTIFF SAYS "NO".

CONSTITUTIONAL QUESTION 6: IS IT CONSTITUTIONAL FOR COURT PROCESS RELATED TO STOLEN EXCULPATORY EVIDENCE, STOLEN BY THE COMPLAINING WITNESS, TO TAKE TWO TO THREE YEARS TO OVERTURN? PLAINTIFF SAYS "HELL NO".

CQ7: IS IT CONSTITUTIONALLY PERMISSABLE TO GIVE PROSECUTING ATTORNEYS ABSOLUTE IMMUNITY THAT ALLOWS THEM TO CONSPIRE TO STEAL, THEN STEAL, THEN PROSECUTE, CONVICT AND HAVE SENTENCED INNOCENT PEOPLE TO PRISON AFTER HAVING CONSPIRED TO STEAL EXCULPATORY EVIDENCE THAT WOULD HAVE LED A JURY TO ACQUIT? PLAINTIFF SAYS "NO"

PAGE 8A of 9

⊛ **FEDERAL REVIEW IS NECESSARY TO PREVENT CONTINUED FUNDAMENTAL MISCARRIAGES OF JUSTICE.**

IN BRADY 373 U.S. 83, THE SUPPRESSION OF EVIDENCE FAVORABLE TO AN ACCUSED IS ITSELF SUFFICIENT TO AMOUNT TO A DENIAL OF DUE PROCESS.

THIS 1983 CLAIM IS FOR THE CONSPIRED, PRE-MEDITATED THEFT OF EXCULPABLE EVIDENCE BEFORE THE EXECUTION OF WHAT ARE CLAIMED TO BE WARRANTS PRIOR TO THE COMMENCEMENT OF PROSECUTION.

DEFENDANT, BERNARD COPPOLINO, HAS THIS EXCULPATORY EVIDENCE IN HIS POSSESSION TODAY AND ALTHOUGH HE AND NANCY BORUSHKO SHOULD BE THEMSELVES YELLING MISTRIAL, AS IS THEIR DUTY, THEY REMAIN SILENT TO KEEP ME IN PRISON ... IN PRISON UNLAWFULLY.

WHEREFORE THIS PLAINTIFF PRAYS THAT THIS HONORABLE COURT SEE AND ACCEPT THIS 1983 ACTION AS ALSO A PETITION FOR HABEAS CORPUS WITH REGARD TO THE PLAINTIFF'S STOLEN EXCULPATORY EVIDENCE COMBINED WITH THE FACT THAT THIS PLAINTIFF, IF FORCED TO HAVE A NEW TRIAL THAT THE NEW TRIAL BE IN A DIFFERENT UNBIASED COUNTY AND ALLOWED TO EXERCISE HIS MICH CONST ART 1 §13 RIGHT TO PRESENT HIS OWN DEFENCE AND BE ALLOWED TO DO SO OUTSIDE OF CONFINMENT. AND ORDER DANIEL BREMER TO TURN OVER ALL & EVERY TRANSCRIPT ORDERED ALONG WITH EVERY CASE FILE AND PLEADING DOCUMENTS.

PETITIONER CLAIMS THAT REASONABLE JURISTS WOULD FIND THE PLAINTIFF'S CLAIMS OF CONSTITUTIONAL VIOLATIONS AT THE VERY LEAST DEBATABLE, REQUIRING A CERTIFICATE OF APPEALABILITY TO SATISFY U.S.C.S. §2253(c).

RESPECTFULLY SUBMITTED.

THEODORE J. VISNER

PAGE 9 of 9

6-10-19

Dear Clerk of the US Dist Court

Please find and file the document titled "Plaintiff's Answer and Objection etc. with Constitutional Questions.

Thank you!

Theodore J. Visner

Theodora Paknapu
1780 E. Parnall Road
Jackson, Michigan, 49201

RECEIVED
JUN 13 2019
U.S. DISTRICT COURT
BAY CITY, MICHIGAN

U.S. MARSHALS

United States District Court
US Post Office Building
1000 Washington Ave.
Bay City, Michigan 48708

