UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. VISNER,

    Plaintiff,

v.

BARRY GATZA, *et al.*,

    Defendants.

Case No. 19-11289
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER [11]

Theodore Visner is currently in the custody of the Michigan Department of Corrections. (ECF No. 1, PageID.9) He filed this § 1983 action alleging his incarceration stems from unlawful police activity, prosecutorial misconduct, and a conspiracy among Bay County officials to deny him a number of Constitutional rights. (*See generally* ECF No. 1.) As Visner wished to proceed without first paying the filing fee, the Court was required to screen his complaint. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). To screen the complaint means to carefully read the allegations and determine whether they state a claim for relief. *Id.* Having done so, the Court determined Visner's complaint was barred by the *Heck* doctrine. (ECF No. 9, PageID.43–44.) Accordingly, the Court summarily dismissed Visner's complaint.

Now, Visner urges the Court to reconsider its decision. (ECF No. 11.) Visner timely filed a motion pursuant to the Court's local rule 7.1, which requires Visner to point out a "palpable defect" that, if corrected, "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

Visner's motion to reconsider does little more than rehash his allegations against St. Clair County officials and Barry Gatza, a police officer involved in Visner's criminal case. (ECF No.

11, PageID.47–58.) And a motion to reconsider may not "present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). So to the extent Visner realleges facts the Court previously considered, Visner's motion to reconsider is denied.

But Visner also says he has been denied effective assistance of appellate counsel and denied due process. (ECF No. 11, PageID.50–57.) In a nutshell, he thinks the lawyer appointed to handle his criminal appeal is a "sand bagger" unwilling or unable to effectively argue Visner's case. (*Id.* at PageID.50.) And Visner believes St. Clair County is working to deny him access to a direct appeal before the Michigan Court of Appeals. (*Id.* at PageID.49, 53.) However, none of the above amounts to a palpable defect in the Court's order dismissing his complaint.

Seemingly recognizing as much, Visner asks the Court to treat his motion to reconsider as a petition for a writ of habeas corpus. (*Id.* at PageID.52, 57.) There are a number of differences between a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and a motion in a civil action brought under 42 U.S.C. § 1983. *See Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997). And because the differences between a § 2254 petition and a § 1983 action will likely require a change in the parties, change in the relief requested, and some changes to the procedures governing the action and the claims raised, the Court declines to resurrect Visner's § 1983 complaint and convert it to a § 2254 petition. *See id.*

Accordingly, the Court denies Visner's motion to reconsider. (ECF No. 11.) Should Visner wish to petition for a writ of habeas corpus, nothing in this order prevents him from doing so.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: August 21, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 21, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson